UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, _____ This document relates to: David Lindsey v. Bayer Corporation, No. 3-cv-874. | MDL NO. 1407 ORDER DIRECTING PLAINTIFF FOR FILE AN ADDITIONAL RESPONSE |

Defendant Bayer Corporation ("Bayer") moves this court for an entry of summary judgment in its favor dismissing the claims of plaintiff David Lindsey, individually and as administrator of the estate of Linda Lindsey. Bayer argues that summary judgment is warranted because the PPA-containing product identified by plaintiff as the medicine ingested by his wife prior to her stroke was not manufactured by Bayer until nearly two years after his wife's stroke. Having reviewed the motion, the opposition filed[1] and the reply thereto, the court finds and rules as

---

[1] Plaintiff appears in this matter *pro se*. His opposition, filed in the form of a single-page letter to the court was not filed within the time-frame allotted by the court in Case Management Order No. 1. Nevertheless, because plaintiff is *pro se* and because he claims the delay was the fault of FedEx, the court considered the opposition in ruling on the motion.

ORDER
Page - 1 -

follows:

Plaintiff alleges that his late wife's ingestion of Alka Seltzer Plus Cold Effervescent Medicine ("ASP"), a PPA-containing medicine manufactured and distributed by Bayer, caused her to experience a hemorrhagic stroke that eventually lead to her death in September 1998. Plaintiff was deposed on December 8, 2004. During his deposition, he produced an opened and empty two-tablet packet of ASP bearing the lot number 120490E. Bayer's manufacturing records conclusively establish that the ASP bearing this lot number was not manufactured until May 23, 2000 and was not released for shipping until May 26, 2000, nearly two years after plaintiff's wife's stroke.

Plaintiff repeatedly testified under oath at his deposition that his wife ingested ASP on September 28, 1998 from the packet containing lot number 120490E. He testified that the packet was the only ASP packet from which his wife could have consumed ASP on the date at issue. He also testified that this particular packet was the only ASP packet in his wife's purse when he emptied it several weeks after her death. Finally, plaintiff testified that there was not any other ASP product in his home after his wife's stroke.

Based on plaintiff's clear deposition testimony, the only ASP packet to which plaintiff can point to as being the one from which his wife consumed medication on September 28, 1998 is the packet bearing lot number 120490E. However, as demonstrated by Bayer's undisputed manufacturing batch records for ASP lot number

ORDER
Page - 2 -

1  120490E, it is impossible for plaintiff's wife to have ingested
2  any ASP from that lot because that lot was not manufactured until
3  nearly two years after her death.

4  In opposition to this motion, plaintiff produced a photocopy
5  of new and unidentified ASP packet that contains an expiration
6  date prior to his wife's death. However, plaintiff fails to offer
7  any explanation as to how, where, or when he came into possession
8  of this new packet. Nor does he assert that the new packet was in
9  his wife's possession prior to her death, or that it was in his
10 home prior to that date.

11 Under well-established Ninth Circuit law, a party cannot
12 create a genuine issue of material fact and defeat an otherwise
13 meritorious motion for summary judgment through submission of an
14 affidavit that contradicts prior sworn testimony in the absence
15 of a satisfactory explanation. See Block v. City of Los Angeles,
16 253 F. 3d 410, 419 n. 2 (9th Cir. 2001), see also, Kennedy v.
17 Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991).
18 Plaintiff has failed to furnish any such affidavit. This
19 ordinarily would necessitate dismissal of his action. However,
20 the court is mindful of the fact that plaintiff is proceeding *pro*
21 *se* and therefore will allow plaintiff an opportunity to
22 supplement his response to the motion if he is able to do so. The
23 court instructs the plaintiff to file an affidavit in which he
24 explains the circumstances under which he came into possession of
25 the new packet of ASP, and explain why the court should disregard
26 his prior inconsistent deposition testimony.

ORDER
Page - 3 -

Based on the foregoing, the plaintiff is instructed to file an additional response to Bayer's motion in which he explains: (1) how he came into possession of the ASP packet containing an expiration date prior to his wife's death; (2) what evidence he has that his wife ingested ASP from this packet prior to her death; and (3) why the court should disregard his prior inconsistent deposition testimony. Plaintiff shall file the additional response on or before November 15, 2005. Bayer shall file its reply on or before November 22, 2005.

DATED at Seattle, Washington this 27th day of October, 2005.

*Barbara J. Rothstein*
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT JUDGE

ORDER
Page - 4 -