UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, <br><br> _____ <br><br> This document relates to: <br><br> David Lindsey v. Bayer Corporation, No. 3-cv-874. | MDL NO. 1407 <br><br> ORDER DENYING MOTION FOR SUMMARY JUDGMENT |

Defendant Bayer Corporation ("Bayer") moves this court for an entry of summary judgment in its favor dismissing the claims of plaintiff David Lindsey, individually and as administrator of the estate of Linda Lindsey. Bayer argues that summary judgment is warranted because the PPA-containing product identified by plaintiff as the medicine ingested by his wife prior to her stroke was not manufactured by Bayer until nearly two years after his wife's stroke. Having reviewed the motion and the responsive briefing[1], the court finds and rules as follows:

---

[1] Plaintiff appears in this matter *pro se*. His opposition, filed in the form of a single-page letter to the court was not filed within the time-frame allotted by the court in Case Management Order No. 1. Nevertheless, because plaintiff is *pro se* and because he claims the delay was the fault of FedEx, the court considered the opposition in ruling on the motion.

ORDER
Page - 1 -

Plaintiff alleges that his late wife's ingestion of Alka Seltzer Plus Cold Effervescent Medicine ("ASP"), a PPA-containing product manufactured and distributed by Bayer, caused her to experience a hemorrhagic stroke that eventually lead to her death in September 1998. Plaintiff was deposed on December 8, 2004. During his deposition, he produced an opened and empty two-tablet packet of ASP bearing the lot number 120490E. Bayer's manufacturing records conclusively establish that the ASP bearing this lot number was not manufactured until May 23, 2000 and was not released for shipping until May 26, 2000, nearly two years after plaintiff's wife's stroke.

Plaintiff repeatedly testified under oath at his deposition that his wife ingested ASP on September 28, 1998 from the packet containing lot number 120490E. He testified that the packet was the only ASP packet from which his wife could have consumed ASP on the date at issue. He also testified that this particular packet was the only ASP packet in his wife's purse when he emptied it several weeks after her death. Finally, plaintiff testified that there was not any other ASP product in his home after his wife's stroke.

Based on plaintiff's clear deposition testimony, the only ASP packet to which plaintiff can point to as being the one from which his wife consumed medication on September 28, 1998 is the packet bearing lot number 120490E. However, as demonstrated by Bayer's undisputed manufacturing batch records for ASP lot number 120490E, it is impossible for plaintiff's wife to have ingested

ORDER
Page - 2 -

any ASP from that lot because that lot was not manufactured until nearly two years after her death.

In opposition to this motion, plaintiff produced a photocopy of new and unidentified ASP packet that contains an expiration date prior to his wife's death. However, plaintiff fails to offer any explanation as to how, where, or when he came into possession of this new packet. Nor does he assert that the new packet was in his wife's possession prior to her death, or that it was in his home prior to that date.

Under well-established Ninth Circuit law, a party cannot create a genuine issue of material fact and defeat an otherwise meritorious motion for summary judgment through submission of an affidavit that contradicts prior sworn testimony in the absence of a satisfactory explanation. See Block v. City of Los Angeles, 253 F. 3d 410, 419 n. 2 (9th Cir. 2001), see also, Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991). Plaintiff has failed to furnish any such affidavit. This ordinarily would necessitate dismissal of his action. However, the court being mindful of the fact that plaintiff is proceeding *pro se*, allowed plaintiff an opportunity to supplement his response to the motion. The court instructed the plaintiff to file an affidavit in which he explained the circumstances under which he came into possession of the new packet of ASP, and explain why the court should disregard his prior inconsistent deposition testimony.

Plaintiff filed the supplemental opposition on November 15,

ORDER
Page - 3 -

2005. Plaintiff asserted that he located the second packet of ASP "after further investigation of the content of my [wife's]...purse." While plaintiff is sparse in describing the factual circumstances surrounding his discovery of the second packet, he does provide sworn testimony that he found the additional two tablet packet in his wife's purse.[2] He also testifies that he saw his wife ingest at least one tablet from a two tablet packet on the night of her stroke. Although minimal, such statements are sufficient to explain the prior inconsistent deposition testimony. See Kennedy, 952 F.2d at 266-67. Plaintiff was mistaken at his deposition––he thought there was only one packet in his wife's purse after her death, but he since found a second packet.

    Plaintiff has established a genuine dispute of material fact, thus rendering summary judgment inappropriate. Bayer is welcome to point out plaintiff's inconsistent statements to a jury. It is up to the jury to determine the validity of the statements, not this court.

    Based on the foregoing, Bayer's motion for summary judgment is hereby DENIED.

    Dated this 16th day in December, 2005 in Seattle, Washington.

*Barbara J. Rothstein*

---

[2] The court is also persuaded that plaintiff sent a copy of the second packet to his counsel on January 12, 2005, long before Bayer filed this motion for summary judgment.

ORDER
Page - 4 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT COURT JUDGE