1
2
3
4                          UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
5                                  AT SEATTLE

6   IN RE: PHENYLPROPANOLAMINE
    (PPA) PRODUCTS LIABILITY
7   LITIGATION,                              MDL NO. 1407

8   _____         ORDER GRANTING BAYER
                                             CORPORATION'S RENEWED
9                                            MOTION FOR SUMMARY
                                             JUDGMENT
10  This document relates to:

11  David Lindsey v. Bayer Corp.,
    No. 03-cv-874
12
    _____
13

14       This matter comes before the court on Defendant Bayer

15  Corporation's ("Bayer") Renewed Motion for Summary Judgment.

16  Bayer moves for summary judgment dismissal of the claims of

17  Plaintiff David Lindsey, individually and as administrator of the

18  estate of Linda Lindsey (collectively, "Plaintiff"). Plaintiff,

19  who has been litigating this matter *pro se* since June 16, 2005,

20  did not file an opposition to this motion. The court, having

21  reviewed Bayer's motion, finds and rules as follows:

22       Plaintiff alleges that his late wife's ingestion of Alka

23  Seltzer Plus Cold Effervescent Medicine ("ASP"), a PPA-containing

24  medicine manufactured and distributed by Bayer, caused her to

25  experience a hemorrhagic stroke that eventually led to her death

26  in September 1998. Bayer deposed Plaintiff on December 8, 2004.

During this deposition, Plaintiff produced an opened, empty, two-tablet packet of ASP bearing the lot number 120490E. Plaintiff testified under oath that several weeks after his wife's death, he emptied out her purse and found this packet. He indicated that he found no other ASP packets in his wife's belongings, or in his home. Plaintiff testified that to the best of his knowledge, on September 28, 1998, his wife ingested ASP from the packet bearing lot number 120490E, and that the packet bearing lot number 120490E was the only ASP packet from which his wife could have consumed ASP on the relevant date.

Bayer's manufacturing records have established that the ASP bearing this lot number was not manufactured until May 23, 2000, and was not released for shipping until May 26, 2000, nearly two years after plaintiff's wife's stroke. On August 22, 2005, Bayer moved for summary judgment on this basis.

In opposition to Bayer's original motion, Plaintiff produced a photocopy of a new ASP packet with an expiration date prior to his wife's death, offering no explanation as to how, where or when he came into possession of this additional packet. The court, mindful of the fact that plaintiff was proceeding *pro se*, allowed him to supplement his response with an affidavit explaining how he came into possession of this new ASP packet, and why the court should disregard his previous, inconsistent deposition testimony. Plaintiff filed a supplemental opposition in which he asserted in an affidavit that he located the second packet of ASP after an additional search of his wife's

ORDER
Page - 2 -

belongings. The court found that Plaintiff's sworn testimony established a genuine dispute of material fact, and was sufficient to explain the prior inconsistent testimony, rendering summary judgment inappropriate.

At Bayer's request, this court permitted Bayer to redepose Plaintiff and to depose Plaintiff's daughter, as well as two of Plaintiff's former attorneys. Bayer redeposed Plaintiff on May 2-3, 2006. At this deposition, Plaintiff produced a two-tablet packet of ASP, expiration date 10/97, which had one tablet missing. Plaintiff's testimony was not always clear, but he did not recant his former testimony that his wife ingested ASP from the packet bearing lot number 120490E. He claimed, however, to be unable to recall whether the packet he retrieved from his wife's purse was the one bearing lot number 120490E. When Bayer confronted Plaintiff with his signed Plaintiff's Fact Sheets confirming that the relevant packet was the one bearing lot number 120490E, Plaintiff refused to read the relevant portions. Plaintiff testified that within a month of his December 2004 deposition, his daughter found the ASP packet that had an expiration date of 10/97 in his wife's purse. Plaintiff explained that he believed he had "overlooked" it. Plaintiff at last indicated that he would defer to the recollection of his former lawyers.

Bayer deposed Plaintiff's daughter, Cadedra Carter, on May 3, 2006. Her testimony conflicted with that of her father. Ms. Carter testified that within a year of her mother's September

ORDER
Page - 3 -

1998 death, she found the ASP packet with an expiration date of 10/97.

Bayer deposed Plaintiff's former attorneys, Richard Kopelman and Michael Rosenberg. Mr. Kopelman and Mr. Rosenberg testified that Plaintiff had given them two packets of ASP. One bore lot number 120490E, and the other bore lot number 152601T, with an expiration date of 7/03.[1] Mr. Rosenberg testified that on more than one occasion, including in preparation for Plaintiff's December 2004 deposition, he discussed these two packets with Plaintiff. Mr. Rosenberg recalled that Plaintiff was certain that the packet bearing lot number 120490E was the one he found in his wife's purse, and that it was the sole source of the medicine she ingested prior to her stroke. Mr. Rosenberg testified that he had explained to Plaintiff: (1) that the decedent could not have taken medicine from the package bearing lot number 120490E, because had not been manufactured until after her death; and (2) the ASP in the packet marked with lot number 152601T was also manufactured after Plaintiff's wife's death, and that it contained a reformulated version of ASP that did not contain PPA. Mr. Rosenberg stated that despite this explanation, Plaintiff maintained that the ASP packet bearing lot number 120490E was the correct package, and testified as such at his December 2004 deposition. Finally, Mr. Rosenberg testified that Plaintiff never advised him of the existence of any other packets of ASP from

---

[1]According to Bayer, this was the first information it received about a third packet of ASP.

which the decedent could have consumed medication.

Following these depositions, Bayer filed this Renewed Motion for Summary Judgment, arguing that Plaintiff failed to offer any credible explanation why his new and contradictory allegations should be favored over his prior sworn testimony. Along with its motion, Bayer filed a certificate of service stating that it served Plaintiff by U.S. mail at what the court believes to be Plaintiff's current home address. Nevertheless, Plaintiff failed to file any kind of response to Bayer's Renewed Motion for Summary Judgment.

Fed. R. Civ. P. 56(e)(2) states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must- by affidavits or as otherwise provided in this rule- set out specific facts showing a genuine issue for trial. *If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.* (Emphasis added.)

Although Plaintiff is litigating this matter *pro se*, he had an obligation to file an opposition to this motion. The 9th Circuit has specifically rejected the argument that non-prisoner *pro se* litigants are entitled to any special notice from the court regarding the requirements of Rule 56. <u>Jacobsen v. Filler</u>, 790 F.2d 1362 (9th Cir. 1986). Moreover, in 2005, after the court advised Plaintiff of the form of the response required to defeat a motion for summary judgment, this *pro se* plaintiff successfully opposed Bayer's motion by filing an affidavit. The court will not excuse Plaintiff's failure to file an opposition to this motion.

Further, the court agrees with Bayer that Plaintiff has

ORDER
Page - 5 -

failed to provide any credible explanation for the existence of the newly provided ASP packet, and therefore also has failed to provide a valid reason for this court to disregard his prior sworn testimony. A party cannot create a genuine issue of material fact to survive summary judgment by contradicting in affidavit his earlier version of the facts.  Block v. City of Los Angeles, 253 F.3d 410, 419 n.2 (9th Cir. 2001), *citing* Radobenko v. Automated Equip Corp., 520 F.2d 540, 544 (9th Cir. 1975). In this case, the court ruled that the affidavit Plaintiff submitted in opposition to Bayer's first motion for summary judgment was sufficient to defeat that motion. However, in light of the depositions conducted by Bayer since that time, and in light of Plaintiff's complete failure to respond to the instant motion, the court finds that there is no genuine issue of material fact, and that summary judgment is therefore appropriate.

This court hereby GRANTS Bayer's Renewed Motion for Summary Judgment, and ORDERS that this action be DISMISSED with prejudice in its entirety.


DATED at Seattle, Washington this 6th day of February, 2008.

Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER
Page - 6 -